**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph A. McDANIELS, Defendant–Appellant.**

**No. 13–30026.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 30, 2013.

Helen J. Brunner, Esquire, Assistant U.S., Ye–Ting Woo, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Daniel Herman Weiss, Esquire, Trial, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Lila Silverstein, Washington Appellate Project, Seattle, WA, for Defendant–Appellant.

Joseph A. McDaniels, Seattle, WA, pro se.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Joseph A. McDaniels appeals from the district court's judgment and challenges the 113–month prison sentence and three-year term of supervised release imposed following his guilty-plea conviction for interstate transportation for prostitution, in violation of 18 U.S.C. § 2421. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

McDaniels contends the government breached the plea agreement by advocating for a three-year term of supervised release in addition to the agreed-upon term of imprisonment. We review de novo whether the government breached the plea agreement, *see United States v. Whitney*, 673 F.3d 965, 970 (9th Cir.2012), and determine that it did not. The government performed its obligation under the agreement by recommending a 120–month term of imprisonment. Moreover, the district court properly concluded that the recommendation of a three-year term of supervised release did not breach the plea agreement, where the plea agreement advised McDaniels that a term of supervised release was one of the statutory penalties for his offense, and was silent regarding whether the government could recommend a term of supervised release. *See United States v. Franco–Lopez*, 312 F.3d 984, 989 (9th Cir.2002) (when construing a plea agreement, this court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).